O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#13/15/16

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-8189 PSG (FFMx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Roberto Ramirez v. GMAC Mortgage *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Granting Defendant GMAC Mortgage LLC's and Defendant JPMorgan Chase Bank, N.A.'s Motions to Dismiss**

Pending before the Court are Defendant GMAC Mortgage, LLC's and Defendant JPMorgan Chase Bank, N.A.'s motions to dismiss Plaintiff's complaint. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' motions.

I.    Background

*Pro se* plaintiff Roberto Ramirez ("Plaintiff") appears to have obtained a pair of mortgage loans in May 2006 on real property located at 5611 S. Main Street, Los Angeles, California. *See Cmplt* ¶ 5. Plaintiff alleges that the loans were made by Defendant GMAC Mortgage, LLC ("GMAC"), erroneously sued as "GMAC Mortgage," and Defendant JPMorgan Chase Bank, N.A. ("Chase"), erroneously sued as "WaMu becoming Chase." *See id.*

On September 8, 2009, Plaintiff filed this suit against GMAC and Chase (collectively, "Defendants"). The complaint is exceedingly difficult to decipher, but it purports to state two causes of action: breach of contract and fraud. It also makes a passing reference to "violations of GAAP, TILA, RESPA and California UCC[, and] Fair Debt Collection Practices Acts." *See id.* at 6:21-22. Plaintiff's claims appear to be based on allegations that Defendants wrongfully refused to renegotiate the terms of the loans they made to Plaintiff. *See id.* at 5:12-15, 7:4-5. Read with great generosity, the complaint also appears to allege that Defendants wrongfully failed to provide Plaintiff with some unspecified, loan-related information. *See id.* at 6:26-28.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13/15/16

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8189 PSG (FFMx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Roberto Ramirez v. GMAC Mortgage *et al.* | | |

The complaint seeks, *inter alia*, injunctive relief—including an order restraining Defendants from initiating foreclosure procedures against the mortgaged property—and damages.

On November 12, 2009, Defendant GMAC filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the complaint under Rule 12(f). On November 19, 2009, Defendant Chase also filed a motion to dismiss under Rule 12(b)(6). Plaintiff appears to have filed a single opposition in response to GMAC's and Chase's motions. *See* Dkt. # 19. The Court takes up all the aforementioned motions at this time.

II.   Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe his complaint liberally. *See Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003)

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#13/15/16

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-8189 PSG (FFMx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Roberto Ramirez v. GMAC Mortgage *et al.* | | |

("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints.").

III.    Discussion

    A.    Breach of Contract

        To state a claim for breach of contract, a plaintiff must allege the following essential elements:  1) the existence of a contract, 2) plaintiff's performance or excuse for nonperformance, 3) defendant's breach, and 4) the resulting damages to plaintiff.  *See Acoustics, Inc. v. Trepte Construction Co.,* 14 Cal. App. 3d 887, 913, 92 Cal. Rptr. 723 (1971).  In alleging the existence of the contract, a "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect."  *See Securimetrics, Inc. v. Hartford Cas. Ins. Co.,* 2005 U.S. Dist. LEXIS 44893, *6 (N.D. Cal. July 21, 2005) (quoting Fed. R. Civ. P. Official Form 3, 12) (additional citations omitted).  To plead a contract's legal effect, a plaintiff must "allege the substance of its relevant terms," which is more difficult than pleading the contract's precise language because it "requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions."  *See Parrish v. NFL Players Ass'n,* 534 F. Supp. 2d 1081, 1094 (N.D. Cal. 2007) (internal quotations omitted).

        Here, the Court determines that Plaintiff has failed to allege the first element of a breach of contract claim, namely, the existence of a contract.  Plaintiff alleges that in May 2006 he entered into loan contracts with Defendants for amounts totaling $912,188, *see Cmplt* ¶ 5, and that "Defendant breached said agreement, because Plaintiff was not properly served with any notice and Defendants refused to help Plaintiff prevent foreclosure."  *Id.* at  4:7-10.  Plaintiff does not, however, set forth those terms of the contract that Defendants' conduct is alleged to have breached, whether by quoting the contract verbatim, incorporating the contract by exhibit, or alleging the substance of the relevant terms.  The Court therefore determines that Plaintiff has failed to state a cause of action for breach of contract.  *See Securimetrics,* 2005 U.S. Dist. LEXIS 44893 at *6; *Parrish,* 534 F. Supp. 2d at 1094.

    B.    Fraud

        The elements of a claim for fraud are 1) a misrepresentation, 2) knowledge of falsity, 3) intent to defraud, i.e., to induce reliance, 4) justifiable reliance, and 5) resulting damage.  *See*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13/15/16**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-8189 PSG (FFMx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Roberto Ramirez v. GMAC Mortgage *et al.* | | |

*Cicone v. Urs Corp.,* 183 Cal. App. 3d 194, 200, 227 Cal. Rptr. 887 (1986).  In alleging fraud, the circumstances constituting fraud must be stated with particularity.  *See* Fed. R. Civ. P. 9(b).  In fact, "averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged.  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (citations omitted).  Thus, a plaintiff "must set forth more than the neutral facts necessary to identify the transaction."  *Id.*  "The plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Id.*

In support of his fraud claim, Plaintiff alleges that "Defendants breached the contract with the full intention to commit fraud and deprive Plaintiff from said property and commit false enrichment against Plaintiff, by refusing to re-negotiate said loan and reduce their excessive price."  *Cmplt* 7:1-5.  Plaintiff also appears to allege that Defendants acted fraudulently by "NOT SERVING PLAINTIFF PROPERLY WITH THE LOAN PROPER NOTICES."  *Id.* at 6:27-28 (emphasis in original).  Plaintiff does not, however, identify any allegedly fraudulent statement, the date or occasion of any such statement, or the speaker of any such statement.  In other words, Plaintiff has failed to allege the "'who, what, when, where, and how' of the misconduct charged."  *See Vess,* 317 F.3d at 1106.  Accordingly, the Court finds that Plaintiff has failed to state a claim for fraud.

C.    Remaining Claims

Beneath the heading for Plaintiff's claim for fraud, the complaint states that "Defendants are in violations [sic] of GAAP, TILA, RESPA and California UCC[, and] Fair Debt Collection Practices Acts."  *See Cmplt* 6:21-22.  No further allegations appear in support of this statement.  The Court notes that although detailed factual allegations are not required to survive a Rule 12(b)(6) motion, a complaint "that offers 'labels and conclusions' . . . will not do.'"  *See Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555).  In fact, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*  Here, to the extent Plaintiff is attempting to state additional claims for relief in the statement quoted above, the Court finds that Plaintiff has failed to allege facts sufficient to render those claims plausible.  *See id.*  In particular, any such claims premised on Plaintiff's claim for fraud fail with the underlying claim, for the reasons noted above.  Thus, the Court finds that Plaintiff fails to state any additional causes of action.

IV.    Conclusion

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13/15/16

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-8189 PSG (FFMx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Roberto Ramirez v. GMAC Mortgage *et al.* | | |

For the foregoing reasons, the Court GRANTS Defendant GMAC's and Defendant Chase's motions to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) with leave to amend.  Defendant GMAC's motion to strike is deemed moot.

Plaintiff may file an amended complaint within **ten days** of the date of entry of this order. Failure to file an amended complaint by that date will result in dismissal of the entire action without prejudice.

**IT IS SO ORDERED.**